**FILED**
**Dec 13, 2022**
**12:02 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **SHANEACE BROOKS,** | ) | **Docket No. 2020-08-0689** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS** | ) | **State File No. 39488-2019** |
| **CORPORATION,** | ) | |
| **Employer,** | ) | |
| **And** | ) | **Judge Brian K. Addington** |
| **INDEMNITY INSURANCE** | ) | |
| **COMPANY OF NORTH AMERICA,** | ) | |
| **Carrier.** | ) | |

## COMPENSATION ORDER

The Court held a Compensation Hearing on December 2, 2022. Ms. Brooks requested medical and permanent partial disability benefits relating to a May 30, 2019, serious work accident. FedEx contended that Ms. Brooks did not introduce sufficient medical evidence to support her claim. For the following reasons, the Court holds that Ms. Brooks is entitled to future medical benefits for her physical injury but no disability benefits or treatment for her alleged mental injury.

### History of Claim

A motorized tug ran over Ms. Brooks at work on May 30, 2019. The impact crushed her right leg and caused multiple fractures and large lacerations. She spent weeks in the hospital recovering from multiple surgeries, including skin grafts, performed by Dr. John Weinlien.

After months of treatment, Dr. Weinlien eventually released Ms. Brooks for sedentary work in January 2020. She resigned her job with FedEx in February to focus on her health and to work as a hairdresser. In May, Dr. Weinlien placed Ms. Brooks at maximum medical improvement, released her to full-duty work, and assigned an impairment rating.

1

A few weeks later, Ms. Brooks began treatment with psychiatrist Melvin Goldin for post-traumatic stress disorder. He finished treating her in July and gave her a zero-percent impairment rating. However, Ms. Brooks continued to have symptoms after her release and returned to Dr. Goldin for additional treatment. Ultimately, Dr. Goldin stated Ms. Brooks's current problems were not related to her work incident.

Ms. Brooks was dissatisfied with Dr. Weinlien's rating as well as Dr. Goldin's treatment. She did not want to take any medications that would interfere with her work as a hairdresser and felt her providers could do more to bring her back to her pre-injury state. She believed her depression was caused by her work injury, and it needed to be properly addressed. She wanted to choose her own providers.

Federal Express countered that she is at maximum medical improvement, and she had not submitted medical evidence to contradict the treatment and opinions of the authorized physicians. Neither party took expert depositions.

### Findings of Fact and Conclusions of Law

At a Compensation Hearing, Ms. Brooks must present sufficient evidence showing that she is entitled to the requested relief by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2022). Further, the Court can only consider issues certified by a mediator on the Dispute Certification Notice. Tenn. Code Ann. § 50-6-239(a)-(b)(1). Here, the only issue marked disputed was permanent disability benefits.

Regarding this issue, Ms. Brooks argued that Dr. Weinlien did not use the Sixth Edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* correctly. However, she did not present expert medical proof showing why Dr. Weinlien's rating was incorrect or providing a contrary rating.

As with any workers' compensation injury, the Court must first determine whether the injury is causally related to Ms. Brooks's accident. While expert testimony is normally necessary to prove causation, the Court holds that the cause of Ms. Brooks's physical injuries was simple and obvious, and therefore she did not need to present expert medical evidence to support a finding that she suffered physical injuries that arose primarily out of and in the course and scope of her employment. *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008) (quoting *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991)).

However, when it comes to permanent disability, it was necessary for Ms. Brooks to support her contentions with expert medical evidence. She did not introduce expert medical evidence: either a C-32 form under Tennessee Code Annotated Section 50-6-235(c)(1) or any medical deposition testimony. The Court cannot substitute its opinion for that of medical professionals.

2

Thus, although Ms. Brooks proved she suffered an obvious injury at work, she did not prove the extent of the permanency of her injury. The Court can only find that she is entitled to continued medical treatment with Dr. Weinlien. Ms. Brooks is not entitled to treat with a different physician solely on her lay opinion that Dr. Weinlien did not appropriately address her injury or impairment.

Ms. Brooks's lack of expert medical opinion also defeats her claim for additional treatment and permanent disability benefits for her psychological injury. Because Dr. Goldin's last medical note says that Ms. Brooks's current problems were not related to her leg injury, and Ms. Brooks did not provide any contrary medical opinions, the Court cannot award her further medical or permanent disability benefits for her alleged psychological injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Federal Express shall pay future medical benefits for Ms. Brooks's right-leg injury under Tennessee Code Annotated section 50-6-204.

2. The Court taxes the $150.00 filing fee to Federal Express, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2022) within five business days of this order becoming final, and for which execution might issue if necessary.

3. Federal Express shall prepare and submit to the Court Clerk a Statistical Data Form (SD2) within five business days of this order becoming final.

4. Unless appealed, this order shall become final thirty days after issuance.

**ENTERED December 13, 2022.**

/s/ Brian K. Addington
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

**Appendix**

Exhibits:
1. Affidavit of Shaneace Brooks
2. Wage Statement
3. Final Medical Report
4. Medical Records of Regional One Health[1]
5. Medical Records of Dr. Melvin Goldin
6. Medical Records of Campbell Clinic
7. Medical Records of Ortho South
8. Photographs (collective)
9. Journal entries
10. Email (for identification only)
11. Text messages (for identification only)
12. Web page print out (for identification only)
13. Final Medical Report (for identification only)[2]

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Employer's Position Statement
4. Hearing Request
5. Scheduling Order
6. Transfer Order
7. Notice of Appearance
8. Pre-Compensation Hearing Brief of Employer/Carrier
9. Pre-Compensation Hearing Statement of Employer/Carrier
10. Employer/Carrier's List of Proposed Witnesses for Compensation Hearing
11. Employer/Carrier's List of Proposed Exhibits for Compensation Hearing
12. Final Dispute Certification Notice

---

[1] The Court did not consider hearsay within any of the medical record exhibits.
[2] Exhibits 10-12 were not timely submitted to the Court and were not considered. A search for exhibit 13 shows it was not submitted before the hearing and is thus excluded from evidence.

4

**CERTIFICATE OF SERVICE**

I certify that a correct copy of this Order was sent on December 13, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Shaneace Brooks, Employee | X | | X | 924 Restbrook Ave. Memphis, TN 38124 bshaneace@yahoo.com |
| Stephen Miller and Joseph Baker, Employer's Attorneys | | | X | smiller@mckuhn.com jbaker@mckuhn.com mdoherty@mckuhn.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                                    Page **1** of **2**                                    RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries          $ _____ per month          Telephone        $ _____ per month

Electricity        $ _____ per month          School Supplies $ _____ per month

Water              $ _____ per month          Clothing          $ _____ per month

Gas                $ _____ per month          Child Care       $ _____ per month

Transportation  $ _____ per month          Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                    $ _____        (FMV) _____

Other                    $ _____        Describe:_____

11. My debts are:

Amount Owed                      To Whom

_____    _____

_____    _____

_____    _____

_____    _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____